2008 MAY -5 AM 10: 45

GREGORY CLARK HUGHES,            )
                                )
        Appellant,              )
                                )
v.                              )        CASE NO. CV407-145
                                )
GEORGIA DEPARTMENT OF REVENUE,  )
                                )
        Appellee.              )
                                )

## O R D E R

This is an appeal from the United States Bankruptcy Court for the Southern District of Georgia. For the reasons that follow, the decision of the Bankruptcy Court is **AFFIRMED.**

### BACKGROUND

The ultimate issue in this appeal is whether the Appellant, Gregory Clark Hughes ("Hughes") is personally liable for state withholding taxes incurred by the operations of Complete Concrete Company ("CCC"). This issue turns on whether whether CCC and Complete Concrete, Inc. ("CCI") were separate entities, whether CCC was a sole proprietorship or a corporation, and whether Hughes is bound by his state tax election to have CCC treated as a sole proprietorship.[1] The Bankruptcy Court held that CCC is a separate entity and a sole proprietorship and that Hughes is bound by his state tax election. As a result of these

---

[1] Both CCC and CCI are closed and are no longer operating.

conclusions, the Bankruptcy Court held that Hughes is personally liable for the proprietorship's tax debts.[2] Hughes has appealed the decision of the Bankruptcy Court.

On February 1, 1990, Hughes filed a state tax application with Appellee, the Georgia Department of Revenue ("the Department"), for a new business named "Complete Concrete Company." On the "Type of Ownership" section of the form, Hughes selected the entry for sole proprietorship. (Ex. D-1.) The business address was listed as 152 San Marco Drive, Tybee Island, Georgia. The Department assigned CCC a unique withholding tax identification number of 0777333-NS. CCC was also assigned a federal employee identification number ("EIN") of 58-1833686.

Two months later, on April 5, 1990, Hughes filed the appropriate documents with the Georgia Secretary of State for the incorporation of "Complete Concrete, Inc." The principal address of this entity was 4898 Old Louisville Road, Savannah, Georgia, which was different from that of CCC. CCI was also assigned a different federal EIN of 58-1951367.

Hughes filed monthly withholding tax returns for CCC in 1996, 1997, and early 1998. On these returns, the CCC withholding number and the CCC EIN were used. Hughes paid some

---

[2] The parties have stipulated that the tax liability (principal, interest, and penalties) owed as of October 13, 2006 was $63,652.09. (Appellant's Br. at 6.)

of the taxes using checks drawing funds from an account bearing CCC's name. CCC's withholding number is listed on all checks.

For CCI, Hughes filed tax returns for 1991-1994 and 1996-2003. CCI's EIN was used for these returns.

On one occasion, on March 13, 1998, Hughes wrote a letter from CCI to the Department using CCC's withholding number instead of CCI's EIN. The Department did not inquire into this discrepancy.

Hughes argues on appeal that CCC and CCI were the same entity and that he operated the entity as a corporation and intended it to be a corporation. For this reason, he contends that he should not be bound by his election on the state tax application and that he is insulated from the tax liability of the corporation.

## STANDARD OF REVIEW

Findings of facts by a bankruptcy court on an appeal to the district court are reviewed under the "clearly erroneous" standard of review. In re Patterson, 967 F.2d 505, 508 (11th Cir. 1992). Findings of law, and the application of law to the facts by a bankruptcy court are reviewed de novo. Id.

## ANALYSIS

The Bankruptcy Court held that CCC was a separate entity and a sole proprietorship and that Hughes is bound by his state tax election. After careful consideration, this Court agrees.

First, the Court affirms the Bankruptcy Court's decision that CCC and CCI were separate entities. Hughes selected "sole proprietorship" status for CCC in early 1990, at a time when the CCI corporation was not yet in existence. He used a different address for each entity and used each entity's unique tax identification number when filing tax documents.[3] The fact that he merged the numbers in one letter to the Department is not sufficient to show that CCC and CCI were a single entity. Accordingly, the decision of the Bankruptcy Court on this question of fact is not clearly erroneous and is therefore affirmed.

Second, regarding Hughes's state tax election, there is a "general rule that a taxpayer who makes an elective choice is bound by that choice." Hemmings v. Comm'r, 73 T.C.M. (CCH) 2266, 1997 WL 102434, at *12 (T.C. 1997)(citing Roy H. Park Broad., Inc. v. Comm'r, 78 T.C. 1093, 1134 (T.C. 1982)). "The fact that the party making an election misunderstands the tax consequences of the elected method and hence misapplies it . . . does not invalidate the election." Gimbel Bros., Inc. v. United States, 535 F.2d 14, 22 (Ct. Cl. 1976).

---

[3] For example, in the 1996 Income Tax Return filed for CCI on July 8, 1997, Hughes used CCI's federal EIN number and listed CCI's address on Old Louisville Road. (Ex. D-3.) But in monthly tax returns filed for CCC around this same time (on May 20, 1997 and February 17, 1998), Hughes used CCC's federal EIN number and listed an address for CCC on Abercorn Street. (Ex. D-8.)

Hughes argues that he should be able to withdraw his election of sole proprietorship status because this election was a material mistake of fact. See Hemmings, 73 T.C.M. (CCH) 2266 (considering whether there was a material mistake of fact that would allow petitioners to abandon their original election, but finding no such mistake of fact in that case). Hughes states that he intended for CCC and CCI to be one corporation and that he operated them in this manner. The Bankruptcy Court found, however, that Hughes commenced business with CCC as a sole proprietorship and that when he later incorporated CCI, he had a duty to notify the Department if he wished to change CCC's status from sole proprietorship to corporation. (Bankruptcy Court Order at 4.)[4]

This Court agrees with the Bankruptcy Court. Because CCC and CCI were two separate entities, the incorporation of CCI – and Hughes's operation of CCI as a corporation -does not change the elected tax status of CCC. The Court therefore affirms the decision of the Bankruptcy Court that Hughes created CCC as a sole proprietorship and that he had a duty to change the tax status if he wished to operate CCC as a corporation.

---

[4] Under Georgia Rule and Regulation 560-7-8-.33(4)(f)(1), "An employer must submit Georgia Form G-5B upon termination of the business or change in business status relating to ownership, address, entity structure or any other significant change relating to withholding tax responsibilities."

Because the Court has affirmed the Bankruptcy Court's decisions that (1) CCC and CCI were separate entities and (2) Hughes is bound by his state tax election of sole proprietorship with respect to CCC, Hughes is personally liable for CCC's state withholding taxes.

Accordingly, the decision of the Bankruptcy Court is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 5th day of May, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA